IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.B., a minor, by and through his parent and natural guardian, SUSANNA H., | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 17-551 |
| v. | : : | |
| EASTON AREA SCHOOL DISTRICT, | : : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                        August 29, 2017

        The prevailing party in a proceeding brought pursuant to the Individuals with Disabilities Education Act ("IDEA") is entitled to reasonable attorneys' fees. 20 U.S.C. § 1415(i)(3)(B)(i). The plaintiffs in this action, a student and his parent, seek attorneys' fees related to a hearing officer's denial of the defendant's motion to dismiss during a due process proceeding in which the plaintiffs sought the production of the student's educational records. The plaintiffs contend that the hearing officer's order denying the defendant's motion to dismiss resulted in the defendants producing the records sought, and thus, that they are prevailing parties entitled to attorneys' fees. The parties filed cross-motions for summary judgment and judgment on the administrative record. Because the plaintiffs did not receive any judicially sanctioned relief, the court will deny the plaintiffs' motion for judgment on the administrative record, grant the defendant's motion for summary judgment and on the administrative record, and enter judgment in favor of the defendant.

## I.     PROCEDURAL HISTORY

        G.B., a minor student, and his mother, Susanna H., ("the plaintiffs") filed a special education due process complaint before the Pennsylvania Office of Dispute Resolution ("ODR")

on July 19, 2016, under the IDEA.  Complaint at ¶¶ 1, 8, Doc. No. 1.  G.B. is a protected handicapped student under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  *Id.* at ¶ 1.  The plaintiffs filed the due process complaint with ODR pursuant to IDEA, the Rehabilitation Act, and the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, against the defendant, Easton Area School District ("the District"), because they sought the release of educational records regarding G.B. that the District had previously withheld.  *Id.* at ¶ 8.  Specifically, the plaintiffs sought records related to a September 2015 alleged assault by a substitute paraprofessional who had provided G.B. one-to-one support during G.B.'s assigned paraprofessional's lunch hour.  Memorandum of Law in Supp. of Pls.' Mot. for J. on the Admin. R. ("Pls.' Mem.") at 3-4, Doc. No. 14.  G.B.'s parents sought the records, which included, for example, witness interviews, an investigation report, staff and student statements, and email correspondence about the incident, in order to make a fully informed educational decision as to G.B.  Complaint at ¶ 8; Pls.' Mem. at 3-6.

After the plaintiffs filed their due process complaint, the District filed a motion to dismiss, contending that "the Parent may not request a special education due process hearing to obtain records," and "in the alternative that the type of records that the Parent seeks are not educational records and therefore . . . the Parent is not entitled to what they demand."  Hearing Officer's Order No. 18024-1617AS at ECF p. 2, Doc. No. 6-1.  The hearing officer denied the motion to dismiss insofar as the District contended that the hearing officer lacked jurisdiction to hear the due process complaint, and held that "when a local educational agency . . . refuses a parental request to access a child with a disability's records, the parent may seek access by means of an ODR due process hearing."  *Id.* at ECF pp. 3-4.  As to the nature of the records at issue, the hearing officer granted the District's motion as to one set of documents, including the

substitute paraprofessional's personnel file, because he deemed that those documents did not constitute educational records and thus that the plaintiffs were not entitled to them. *Id.* at ECF p. 5. The hearing officer, however, denied the District's motion as to a second set of documents, which included investigation materials, reports, and e-mail correspondence, and held that those documents "may or may not be educational records" that "very likely relate to the Student" but that also might not be "directly related to the Student." *Id.* at ECF pp. 5-6. Accordingly, the hearing officer ordered that: (1) "[t]he District must identify documentation of or about the September 2015 incident including investigation materials, reports to and from outside agencies, and email (both internal and external); but not including the Substitute's personnel file, credentials, training, criminal background check, pre-employment background checks/screenings, and disciplinary file;" (2) "[t]he District must voluntarily grant access to redacted records and/or must provide a list of withheld records;" and (3) "[t]he scope of the hearing is limited to the Parent's right to access any withheld record." *Id.* Thus, the hearing officer held that some of the records were the proper subject of a due process hearing, but did not order the district to produce anything at the time and did not explicitly hold that any of the records were educational records.

In response to the hearing officer's order, the District chose to provide some of the previously withheld records "in the spirit of compromise," and the plaintiffs thereafter determined that a due process hearing was no longer necessary. Brief in Supp. of Mot. for Summ. J. on Behalf of Def. ("Def.'s Mem.") at 2, Doc. No. 13-1. The plaintiffs then voluntarily withdrew the request for a due process hearing, and the hearing officer issued a file closing order stating that the parties agreed a hearing was no longer necessary and that the due process

complaint, motion to dismiss, and order were all part of the record. File Closing Order, Doc. No. 6-2.

The plaintiffs filed this action against the District on February 6, 2017, seeking attorneys' fees as a prevailing party under the IDEA. *See* Complaint In its answer to the complaint, the District disputed that the plaintiffs were prevailing parties, and also asserted a counterclaim contending that the hearing officer's ruling that the records in question might be educational records was legally incorrect. Answer, Doc. No. 6. On July 21, 2017, the District filed a motion for summary judgment and judgment on the administrative record, and the plaintiffs filed a motion for judgment on the administrative record. Doc. Nos. 13, 14. On August 11, 2017, the parties filed briefs in opposition to each other's motions. Doc. Nos. 15, 16. On August 15, 2017, the court heard oral argument on the motions, Doc. No. 17, and on August 24, 2017, the plaintiffs filed a supplemental brief regarding the effect of the Third Circuit Court of Appeal's decision in *M.R. v. Ridley School District*, No. 16-2465, 2017 WL 3597707 (3d Cir. Aug. 22, 2017). Doc. No. 20. The motions are presently ripe for disposition, and the parties do not appear to dispute any issue of fact. Thus, the court may resolve this case as a matter of law.

## II.  DISCUSSION

### A.  Standards of Review

A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012)

(quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

> When confronted with a motion for judgment on the administrative record,
>
> district courts apply a nontraditional standard of review, sometimes referred to as "modified de novo" review. Under this standard, a district court must give "due weight" and deference to the findings in the administrative proceedings. Factual findings from the administrative proceedings are to be considered prima facie correct, and if the reviewing court does not adhere to those findings, it is obliged to explain why. The "due weight" obligation prevents district courts from imposing their own view of preferable educational methods on the states.

*D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010) (citations and internal quotation marks omitted).

Because the hearing officer did not address the legal question at hand, whether the plaintiffs are prevailing parties entitled to attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I), the motions before the court do not involve review of the hearing officer's decision. Rather, the plaintiffs' complaint and parties' motions present a stand-alone legal question that has not yet been addressed, and thus, the motions are more properly characterized as motions for summary judgment than motions for judgment on the administrative record.[1]

---

[1] The District has asserted a counterclaim against the plaintiffs, contending that the hearing officer erred in holding that some of the sought after documents might constitute educational records. Counterclaim at ¶¶ 1-3, Doc. No. 6; Def.'s Mem. at 6-8. Because the court, as explained in the remainder of this opinion, holds that the plaintiffs are not prevailing parties at this stage in the litigation and because the District has already voluntarily produced the records at issue, it is unnecessary to review the hearing officer's holding.

5

**B.     Analysis**

The parties do not dispute any issue of fact, but rather dispute whether the plaintiffs became prevailing parties once the hearing officer denied the District's motion to dismiss and the District voluntarily provided records the plaintiffs sought, and thus whether the plaintiffs are entitled to attorneys' fees at this juncture.  The Third Circuit has held that interpretation of "prevailing party" under IDEA should mirror interpretation of "prevailing party" in other federal fee-shifting statutes.  *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 557 (3d Cir. 2003).  Courts have given the term "prevailing party" a generous formulation, and thus, "[a] party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award." *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 271 (3d Cir. 2002); *see also Truesdell v. Philadelphia Hous. Auth.,* 290 F.3d 159, 163 (3d Cir. 2002) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  In a case in which the Supreme Court interpreted the term "prevailing party" under the fee-shifting provision of 42 U.S.C. § 1988, the Court provided two threshold inquiries:  (1) whether there is a "material alteration of the legal relationship of the parties," and (2) whether that material alteration is "judicially sanctioned." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001).

As to the first inquiry, whether there is a material alteration of the parties' relationship, a plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail."  *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).  This inquiry does not turn on the magnitude of the relief obtained, and even an award of nominal damages will satisfy this test. *Raab v. City of Ocean City, N.J.*, 833 F.3d 286, 292 (3d Cir. 2016) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *Buckhannon*, 532 U.S. at 604).  Rather, "the degree of the plaintiff's

overall success goes to the reasonableness of the award . . . not to the availability of a fee award *vel non*." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989); *see also P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 856 (3d Cir. 2006).

As to the second inquiry, whether the material alteration of the parties' relationship is judicially sanctioned, the key consideration is whether the change is enforceable. *Raab*, 833 F.3d at 293. Accordingly, the Supreme Court and Third Circuit have both rejected the "catalyst theory," or the theory that a plaintiff is a prevailing party where the pressure of the lawsuit alone brings about the result the plaintiff sought without an enforceable court order. *See Buckhannon*, 532 U.S. at 605; *John T*, 318 F.3d at 557. Thus, a "defendant's voluntary change in conduct, although perhaps what the plaintiff sought to achieve by the lawsuit" does not confer prevailing party status on a plaintiff if the voluntary change is not judicially enforceable. *Buckhannon*, 532 U.S. at 605. Examples of judicially sanctioned material alterations to the parties' relationship include "'enforceable judgments on the merits'" and settlement agreements over which the court has retained ancillary jurisdiction to enforce. *Raab*, 833 F.3d at 293 (quoting *Buckhannon*, at 604-05); *see also Truesdell*, 290 F.3d at 165.

In the District's motion, it contends the plaintiffs are not prevailing parties entitled to attorneys' fees because the hearing officer's order denying the motion to dismiss (and requiring that the District produce the records or provide a list of withheld records so that the hearing officer could hold a due process hearing) left the parties in the same position they were prior to the order—produce the records or proceed to a hearing. Def.'s Mem. at 5. Further, the District emphasizes that it voluntarily produced the requested records, and that the plaintiffs did not obtain any ordered relief. *Id.* The plaintiffs contend that they are prevailing parties because in receiving the records they sought, they obtained some relief on a significant issue in the

7

litigation, thereby effecting a material alteration of the parties' legal relationship. Pls.' Mem. at 9-10. They argue that the District was judicially sanctioned to turn over the requested records because it did not do so until the hearing officer entered its order on the motion to dismiss. *Id.* at 10.

The circumstances of this case are unique, and the court is aware of no precedential case in which a court decided whether a plaintiff was a prevailing party after the denial of a motion to dismiss followed by a voluntary settlement. Application of the two *Buckhannon* inquiries, however, dictate that the plaintiffs in this action are not entitled to prevailing party status under the IDEA. As to the first *Buckhannon* inquiry, the court agrees with the plaintiffs that there was a material alteration of the parties' legal relationship—the plaintiffs got what they sought in filing the due process complaint because they received at least some of the requested records. The fact that the plaintiffs did not receive all of the records sought is irrelevant, as is the fact that the hearing officer never held that the records were educational records. The plaintiffs received "at least some relief," *Hewitt,* 482 U.S. at 760, which is enough to satisfy the first *Buckhannon* inquiry.

The court does not, however, agree that the second *Buckhannon* inquiry is satisfied in this case. The District's production of documents was wholly voluntary, and there is no judicially enforceable order mandating the District to fulfill its promise of voluntarily producing the documents in lieu of proceeding to a due process hearing. The hearing officer's order granting in part and denying in part the District's motion to dismiss *at most* ordered the District to litigate its case; essentially, the hearing officer ordered the District to either settle the case privately by voluntarily producing the documents, or to provide a list of documents that it withheld so that the parties could proceed to a hearing. The order did not order the District to produce any document,

and the order did not hold that any document constituted an educational record.[2] *See John T.*, 318 F.3d at 558-59 (holding that interim relief did not entitle plaintiffs to attorneys' fees where the hearing officer did not resolve any merits-based issue in the plaintiffs' favor); *J.O.*, 287 F.3d at 274 (same).

To put the hearing officer's order on the motion to dismiss into context, that order is akin to a district court denying a defendant's motion to dismiss and ordering the parties to settle the case privately or proceed to discovery. The only circumstance that would have allowed the plaintiffs to enforce the hearing officer's order on the motion to dismiss would have been if the District had refused to produce any documents *and* refused to provide a list of the documents it was withholding, essentially halting the case and avoiding the due process proceedings altogether. Nor is the hearing officer's final closing order judicially enforceable. That order merely states that the District provided records, and summarizes a telephone conference with the parties. Further, the closing order specifically relinquished "all jurisdiction," making the order inherently unenforceable. *Cf. Truesdell*, 290 F.3d at 165 (finding stipulated settlement "judicially sanctioned" under *Buckhannon* where it contained mandatory language, was called an "order," was signed by the district court judge, and specifically provided for judicial enforcement).

Finally, the Third Circuit's recent decision in *M.R. v. Ridley School District*, No. 16-2465, 2017 WL 3597707 (3d Cir. Aug. 22, 2017) does not change the outcome of this case, as the plaintiffs contend in their supplemental brief. In that case the Third Circuit held that

---

[2] At oral argument, the plaintiffs argued that the hearing officer's description of the applicable law indicated that the officer believed the records at issue were educational records. First, without a *holding* as to the status of the records, the parties' predictions about how the hearing officer might ultimately rule based on a subjective interpretation of his order are irrelevant. The issue is whether the order is judicially enforceable, and not with whom the hearing officer seemed to agree. Second, the court does not wholly agree with the plaintiffs' interpretation—after reciting the law, the hearing officer stated that certain documents "very likely directly relate[] to the Student" but that it was "also possible" that those documents "are not directly related to the Student and, therefore, are not educational records . . . ." *See* Hearing Officer's Order No. 18024-1617AS at 5-6.

backward-looking compensatory relief under IDEA's "stay put" provision conferred prevailing party status on the plaintiffs, even where the final disposition of the plaintiffs' due process action was still pending. 2017 WL 3597707 at *4. The stay put provision states that during the pendency of IDEA proceedings, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415(j). The stay put provision also requires, if the child's then-current educational placement is a private school, that the school district must continue reimbursing the plaintiffs until the proceedings conclude. *Ridley Sch. Dist.*, 2017 WL 3597707 at *2. In *Ridley School District*, the plaintiffs obtained a court order requiring the school district defendant to reimburse them for the costs of the child's stay-put placement in private school, and the Third Circuit held that even though the plaintiffs were ultimately unsuccessful on the underlying due process claim, they were entitled to attorneys' fees related to the stay-put order. *Id.* at *3, 5. But *Ridley School District* highlights the crucial difference between the plaintiffs in that case and the plaintiffs' case in this litigation—in *Ridley School District*, the plaintiffs received a court order requiring the school district to reimburse the plaintiffs. If the school district refused to reimburse the plaintiffs in accordance with the court's order, the plaintiffs would have been able to enforce the order in the court that ruled in their favor. In this case, no such enforceable order exists, and the material alteration of the parties' legal relationship is thus not judicially sanctioned. Accordingly, the plaintiffs are not entitled to prevailing party status.

### III. CONCLUSION

While the plaintiffs in this case may ultimately prevail in the separate due process proceedings they filed after the District voluntarily produced documents and thus may be entitled to attorneys' fees in that case, the court holds that they are not prevailing parties at this juncture

10

for the foregoing reasons. Thus, the court will grant the District's motion for summary judgment and on the administrative record, and deny the plaintiffs' motion for judgment on the administrative record.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.